# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Darlene B. Farmer ) | C/A No. 3:08-739-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| v. ) | OPINION & ORDER |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Joseph R. McCrorey made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. For the reasons set forth below, the court adopts the Report, which was filed on August 17, 2009, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings.

## I. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or

recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The Report recommends that the court reverse the Commissioner's decision and remand the claim for further proceedings. Defendant objects to this recommendation and asks the court to

2

affirm the Commissioner's denial of benefits.

**Treating Physician.** The ALJ gave "no weight" to the opinion of Plaintiff's treating physician, Dr. Stefan L. Montgomery, regarding Plaintiff's medical conditions. The Report recommends reversal on this ground because the ALJ did not provide sufficient explanation of his decision to disregard Dr. Montgomery's medical opinion and failed to address several of Dr. Montgomery's specific medical findings.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). The ALJ must, however, give specific reasons for his or her decision to discount a physician's opinion. Social Security Ruling 96-2p; *see also* 20 C.F.R. 404.1527(d)(2).

Here, the ALJ gave "no weight . . . to Dr. Montgomery's assessments because his treatment notes show no basis for the physical limitations imposed." Tr. 18. Instead of supporting the conclusion with references to Dr. Montgomery's treatments notes, the ALJ addressed several

3

arguably contrary notes by Dr. Allen L. Sloan, Plaintiff's former treating physician.[1] The ALJ then dedicated an equal amount of text to addressing concerns that "a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another." *Id.* The ALJ suggested that this motivation might be influencing Dr. Montgomery's opinion because such motives "are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case." *Id.* The ALJ's limited reference to Dr. Sloan's notes is not a sufficient basis for rejecting Dr. Montgomery's opinion for reasons set forth in the Report. Likewise, the ALJ's general concern with possible improper motivation is not a sufficient basis for rejecting Dr. Montgomery's opinion.

Defendant cites numerous alleged inconsistencies between Dr. Montgomery's opinion, Dr. Montgomery's treatment notes, and the opinions and treatment notes of other physicians. Def.'s Obj. 1-3. The ALJ did not, however, identify any of these alleged discrepancies, and the court will not speculate as to what evidence the ALJ might have considered. *See Richardson v. Dir., Office of Workers' Comp. Programs, United States DOL*, 94 F.3d 164, 168-69 (4th Cir. 1996) (quoting *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980)) ("Even if legitimate reasons exist for rejecting or discounting certain evidence, the Secretary cannot do so for no reason or for the wrong reason.").

Defendant also asserts that the ALJ discounted Dr. Montgomery's opinion because it was based on Plaintiff's self-reported subjective complaints. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that an ALJ may discount a physician's opinion that is based on discredited

---

[1] Dr. Sloan treated Plaintiff from 2002 through 2005. In August 2005, Dr. Sloan sent a letter to Plaintiff ending their treatment relationship because of Plaintiff's alleged "inappropriate, erratic behavior, rudeness to [his] staff, and demanding attitude." Tr. 266.

4

subjective complaints); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (same). As with the alleged discrepancies noted by Defendant, the problem with this argument is that the ALJ never suggested that he disregarded Dr. Montgomery's opinion for this reason. The court must "judge the propriety of [an agency's] action solely by the grounds invoked by the agency." *SEC v. Chenery*, 332 U.S. 194, 196 (1947).

For this and other reasons stated in the Report, the court agrees that the ALJ either failed to give adequate weight to the medical opinion of Plaintiff's treating physician or failed to properly explain his reasons for rejecting Dr. Montgomery's opinion.

**Harmless Error.** Defendant concedes that the ALJ "could have been more articulate in its reasoning for discounting Dr. Montgomery'[s] opinion." Defendant argues, however, that the ALJ's error, if any, was harmless because of the conflicting opinions of other physicians and because there was substantial evidence supporting the ALJ's conclusion that Plaintiff was not disabled.

Courts need not reverse agency action because of a harmless error. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004). However, when the evidence at issue is potentially dispositive, omitting it from consideration is not harmless. *See Richardson*, 94 F.3d at 165, 168 (4th Cir. 1996). Here, the court cannot conclude that the ALJ would, necessarily, reach the same result once he gives proper consideration to Dr. Montgomery's medical opinion and treatment notes. The court, therefore, concurs with the recommendation as well as the reasoning set forth in the Report.

**Residual Functional Capacity.** The Report concludes that the residual functional capacity assessment was insufficient because it did not show that the ALJ considered all of the relevant evidence and because it lacked a function-by-function assessment of Plaintiff's ability to perform light work. The undersigned agrees, in part because of the error addressed above. On remand, after

proper evaluation of Dr. Montgomery's opinion, the ALJ shall perform "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *See* Social Security Ruling 96-8p.

### III. CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 23, 2009