**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Darlene B. Farmer,  )  | C/A No. 3:08-0739-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER GRANTING PETITION** |
| v. ) | **FOR ATTORNEY'S FEES** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §§ 2412, 2414. Plaintiff seeks an award of attorney's fees in the amount of $5,409.60, representing 32.2 hours at a rate of $168.00 per hour. Dkt. No. 49-1 at 7. Plaintiff additionally seeks $16.00 in mailing expenses and $7.00 in copying costs, bringing Plaintiff's total attorney's fee petition to $5,432.60. *See* Dkt. No. 49-3 at 1. The Commissioner opposes the petition, arguing that Plaintiff is not entitled to a fee award because the agency's position was substantially justified. Dkt. No. 50. The court finds that the Commissioner's position was not substantially justified and grants Plaintiff's attorney fee petition.

**STANDARD**

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." *Smith v. Heckler*,

739 F.2d 144, 146 (4th Cir. 1984). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). While "the substantially justified standard is not 'a high standard' requiring 'a strong showing,'" the standard "requires that the government must do more than merely avoid frivolity for it to escape liability for fees under the Act." *Evans v. Sullivan*, 928 F.2d 109, 111 (4th Cir. 1991) (citing *Pierce*, 487 U.S. at 565-66). When determining whether Defendant's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993).

## DISCUSSION

**Treating Physician Testimony.** The Commissioner, through both his objection to the Report and Recommendation of Magistrate Judge Joseph R. McCrorey ("Report") and his response in opposition to Plaintiff's motion for attorney's fees, has identified various alleged contradictions between Dr. Montgomery's testimony and other portions of the record. *See* Dkt. No. 45 at 1-3; Dkt. No. 50 at 3-4. However, these explanations for giving "no weight" to the treating physician's opinion were not offered in the ALJ's decision, as explained in the court's earlier Order. *See* Dkt. No. 47 at 3-5.

The requirement that an ALJ must give specific reasons for discounting a treating physician's testimony is well-established. The Agency has ruled that "the notice of the determination or decision . . . must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion *and the reasons for that weight*." Social Security Ruling 96-2p (emphasis added).

2

Here, the notice of decision left significant ambiguity as to the evidence the ALJ relied upon in completely disregarding Dr. Montgomery's opinion. The decision states, in a conclusory manner, that Dr. Montgomery's "treatment notes show no basis for the physical limitations imposed." Tr. 18. Instead of supporting this conclusion with references to Dr. Montgomery's treatment notes, the ALJ addressed several arguably contrary notes by Dr. Allen L. Sloan, Plaintiff's former treating physician. The ALJ then made a general statement that "a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another." *Id.* The ALJ implied that this motivation might be influencing Dr. Montgomery's opinion because such motives "are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case." *Id.* However, the ALJ noted that he had no evidence that such an improper motivation was behind Dr. Montgomery's medical opinions. *Id.*

In any event, even if the ALJ had pointed out inconsistencies between Dr. Montgomery's medical opinions and other parts of the record, the Commissioner's position was still unjustified. The ALJ's decision to give the opinions of Plaintiff's treating physician "no weight" directly contradicts the agency's expressly stated approach to weighing the opinions of treating physicians. According to Social Security Ruling 96-2p:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," *not that the opinion should be rejected*. Treating source medical opinions *are still entitled to deference* and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. *In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.*

SSR 96-2p (emphasis added). Thus, while the Commissioner was correct in his objection to the

3

Report that "the ALJ was not bound to give *great weight* to Dr. Montgomery's opinion regarding Plaintiff's residual functional capacity in rendering his decision," the Commissioner overlooks the fact that the ALJ here gave "no weight" to the treating physician's opinion, a decision that directly conflicts with the guidance of SSR 96-2p. Dkt. No. 45 at 3 (emphasis added). Even if there were inconsistencies between Dr. Montgomery's opinions and the opinions of former treating physicians, and even if the ALJ's suspicion that Dr. Montgomery had improper motives were not mere conjecture, SSR 96-2p establishes that such reasoning would not support wholesale disregard for the treating physician's opinions. Because the Commissioner argued in favor of such disregard despite SSR 96-2's explicit repudiation of this approach, the court finds that his position was not substantially justified.

The Commissioner further argues that the agency's position was substantially justified because the court did not conclude that the ALJ would *necessarily* reach a different result had he properly considered Dr. Montgomery's medical opinions. Dkt. No. 50 at 5. However, justification of the Commissioner's position does not turn on such a conclusion: The court cannot predict whether proper consideration of all relevant evidence would compel a finding in Plaintiff's favor. Instead, the Commissioner's position was unjustified because the ALJ failed to follow well-established procedures in considering such opinions. While it is true that the harmless error principle applies in Social Security cases, the undersigned concluded in the earlier Order that the ALJ's error in this case was not harmless. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004); Dkt. No. 47-5 (rejecting the Commissioner's harmless error argument as applied to this case). Accordingly, the Commissioner's argument is unavailing.

4

**Residual Functional Capacity ("RFC") Assessment.** The court agrees with the Commissioner that the agency's position regarding Plaintiff's non-severe impairments, such as her knee injury, was substantially justified. In the court's Opinion and Order reversing the ALJ's decision and remanding the case to the agency, the court adopted the Report's finding of insufficiency of RFC assessment and specified that, on remand, the ALJ perform a function-by-function assessment of Plaintiff's ability to do light work as required under SSR 96-8. However, the court accepts the Commissioner's argument that a reasonable person could take the position that the outcome of the RFC assessment was supported by substantial evidence. *See* Dkt. No. 50 at 5-7. Plaintiff's improvement in knee functioning following injections underscores the potential reasonableness of the Commissioner's position. *See id*. at 6; Tr. 277, 279.

Nonetheless, as the undersigned noted in the earlier Order, the RFC assessment was affected by the error in weighing Dr. Montgomery's medical opinions. Dkt. No. 47 at 5. Thus, although the court finds that a reasonable person examining the record could agree with Commissioner that the RFC assessment was sufficient, the court concludes that the ALJ's improper consideration of Dr. Montgomery's medical opinions tainted the RFC assessment such that the Commissioner's position as a whole was not substantially justified. *See Roanoke River Basin Ass'n*, 991 F.2d at 139.

Accordingly, the court grants Plaintiff's petition for attorney's fees. The court awards Plaintiff $5,409.60 in attorney's fees, $16.00 in mailing fees, and $7.00 in copying costs.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 5, 2010